IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN ROBERT JENNINGS WALKER                                          PLAINTIFF

v.                                       Case No. 6:20-cv-6114

SHERIFF JASON WATSON, *et al*.                                           DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion to Withdraw Consent to Magistrate Judge Referral. ECF No. 55. The Court finds the matter ripe for consideration.

## BACKGROUND

On October 1, 2020, Plaintiff filed his Complaint against Defendants. ECF No. 1. The Court referred the matter to Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. *Id*. On February 26, 2021, Plaintiff filed a motion to submit a second amended complaint and attached the proposed amended Complaint to his motion. ECF No. 28. On March 15, 2021, the Magistrate Judge granted the motion but stipulated requirements for the form and length. ECF No. 31. Plaintiff's second amended complaint would have to be submitted on a Court approved 42 U.S.C. § 1983 form and he would be limited to attaching five (5) additional pages to the court approved form. *Id*. at p. 1. On March 25, 2021. Plaintiff filed an objection to the Magistrate Judge's order, arguing that it is inappropriate to limit the number of pages he can attach to his second amended complaint because it would not allow him to provide all the facts relevant to his claims. ECF No. 35, p. 1-3. The Magistrate Judge treated Plaintiff's objection (ECF No. 35) as a motion to reconsider his prior order placing requirements on Plaintiff's potential second amended complaint. ECF No. 39. The Magistrate Judge denied the motion he formed out of Plaintiff's objection, arguing that the page limitation was appropriate because pleadings are only

required to give notice and not lay out specific facts. ECF No. 39, p. 1-2. Plaintiff subsequently filed the instant motion attempting to withdraw his consent to having the Magistrate Judge oversee this matter. ECF No. 55. Plaintiff argues that the Magistrate Judge incorrectly treated his prior objection (ECF No. 35) as a motion to reconsider instead of allowing the District Court Judge to review his objections as is required under the Federal Rules of Civil Procedure. ECF No. 55.

## DISCUSSION

Magistrate judges may conduct civil actions if the parties consent. *See* Fed. R. Civ. P. 73(a). If a magistrate judge issues an order for a non-dispositive pre-trial matter, a party may file objections to the order within fourteen (14) days. *See* Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. A district court has no choice but to consider a party's timely filed objections to a magistrate judge's order. *See Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020). If a party shows extraordinary circumstances, a district judge "may vacate a referral to a magistrate judge under this rule." Fed. R. Civ. P. 73(b)(3).

The Court acknowledges that Plaintiff's argument that a district court judge should have evaluated his objections is correct. Plaintiff filed his objection (ECF No. 35) to the Magistrate Judge's order (ECF No. 31) within the 14-day window required by Federal Rule of Civil Procedure 72(a). This Court did not have discretion to decline review of those objections. *See Devine*, 984 F.3d at 607. The Magistrate Judge erred when he treated Plaintiff's objection as a motion to reconsider.

However, the Court does not find this error creates "extraordinary circumstances" that justify vacating this matter's referral to the Magistrate Judge. Fed. R. Civ. P. 73(b)(3). While procedurally improper, the Court finds that the reasoning in the Magistrate Judge's order (ECF

2

No. 39) overruling Plaintiff's objection is sound. Courts have discretion to place reasonable restrictions on pleadings. *See In re Tyler*, 839 F.2d 1290, 190-95 (8th Cir. 1988). As set forth in the Magistrate Judge's order (ECF No. 39), the Federal Rules of Civil Procedure requires notice pleading, rather than fact pleading. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also* Fed. R. Civ. P. 8(a)(2) (requiring plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief"). The Court finds that the restrictions the Magistrate Judge placed on Plaintiff's second amended complaint are reasonable, and that Plaintiff has not shown extraordinary circumstances to vacate the referral. Accordingly, the Court finds that Plaintiff's motion to undo the referral of this matter to the Magistrate Judge must fail.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Withdraw Consent to Magistrate Judge Referral (ECF No. 55) should be and hereby is **DENIED**.

As initially set forth in the Magistrate Judge's Order (ECF No. 31), **Plaintiff must submit a second amended complaint on a court approved § 1983 form and Plaintiff is limited to attaching five (5) additional pages to the court approved form**.

The Clerk is again directed to mail Plaintiff a court approved § 1983 form to use for filing the second amended complaint. In the second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's

conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff must repeat this process for each person he has named as a Defendant.[1]

The Plaintiff must clearly designate on the face of the document that it is a second amended complaint. The second amended complaint must be retyped or rewritten in its entirety on the court approved form and may not incorporate any part of the original complaint. An amended complaint supersedes, or takes the place of, the original complaint. After amendment, the Court will treat the original complaint as nonexistent. Any cause of action that was raised in the original complaint is waived if it is not raised in the second amended complaint.

**IT IS SO ORDERED**, this 23rd day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Prison Litigation Reform Act requires prisoners to exhaust all available remedies before filing suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 71, 738 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss any claim that has not been exhausted. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Plaintiff is cautioned that if he intends to seek relief concerning "supplemental facts that . . . occurred since the filing of the first amended complaint," he must file a new, separate lawsuit in that regard.