IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN ROBERT JENNINGS WALKER                                          PLAINTIFF

v.                                          Civil No. 6:20-cv-06114

SHERIFF JASON WATSON, ET AL                                             DEFENDANTS

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jonathan Robert Jennings Walker filed this 42 U.S.C. § 1983 action *pro se* on October 1, 2020. (ECF No. 1, 2). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Plaintiff's Motion for Temporary Restraining Order. (ECF No. 104). The Court has reviewed the motion and the Defendants' response thereto.

In the instant Motion, Plaintiff seeks a temporary restraining order to prevent the "Clark County Detention Center and its employees, agents, contractors, and all those working in concert with them" from denying the Plaintiff his "rights to litigate this case by hindering the Plaintiff's access to courts by refusing to allow Plaintiff to make legal copies of documents, declarations, exhibits, motions, replies, and evidence . . . ." (ECF No. 104). As argument in Defendants' Response (ECF No. 116) to the Motion, Plaintiff's circumstances do not meet the requirements for the issuance of a temporary restraining order.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1)

1

the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Id.* (internal quotations omitted).

     The Plaintiff argues that the Defendants are hindering his access to the Courts by refusing to make his legal copies.  The Defendants have responded that although the Clark County Sheriff's Office has made "likely thousands" of copies for Plaintiff throughout this lawsuit, "the office will no longer be able to provide him with unlimited copies" because his demands have become unreasonable. (ECF No. 116).  The Defendants further assert that they "will send his paperwork anywhere he wants it sent"; and, that "paper in order to be able to prosecute his case . . . will continue to be . . . provided." *Id*.   Given these circumstances, and the fact that while convenient, photocopies are not necessary to prosecute this action, Plaintiff has simply not shown that he will

suffer irreparable harm if the injunction is not granted or established the other factors required by *Dataphase*.

Further, as a practical matter and based on Plaintiff's pleadings filed in this case, he has not been hindered in his ability to prosecute his claims here.  A review of the Court's docket entries, after filing his original Complaint (ECF No. 1), shows Plaintiff has filed more than thirty (30) separate pleadings.  These pleadings include motions to amend complaint, motions for issuance of subpoenas, objections to motions of Defendants, Objections to the Court's Orders, responses to motions of Defendants, and motions for appointment of counsel among others.  Plaintiff has demonstrated that he can and in fact is aggressively prosecuting his claims in this case.  His access to the courts has clearly not been limited or restricted in any meaningful way.

Accordingly, I recommend Plaintiff's Motion for Temporary Restraining Order. (ECF No. 104) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of August 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE