IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN ROBERT JENNINGS
WALKER                                                                                             PLAINTIFF

v.                                            Case No. 6:20-cv-6114

SHERIFF JASON WATSON, *et al*.                                                       DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge, Western District of Arkansas. ECF No. 145. Plaintiff has filed objections. ECF No. 149. The Court finds the matter ripe for consideration.

On October 1, 2020, Plaintiff filed his complaint against Defendants alleging violations of his religious freedoms while detained in the Clark County Detention Center ("CCDC"). ECF No. 1. On July 16, 2021, Plaintiff filed a motion for a Temporary Restraining Order ("TRO") against the CCDC and its personnel. ECF No. 104. Plaintiff seeks the TRO to prevent CCDC personnel from limiting his ability to make copies of legal documents and consequently curtailing his right to access the courts and litigate his case. *Id*. On August 2, 2021, Defendants filed their response in opposition. ECF No. 116. Defendants argue that Plaintiff is simply no longer being allowed unlimited copies and that his right to properly litigate his case has not been infringed. *Id*. Defendants further argue that the effort required to accommodate Plaintiff's copious requests for copies was negatively impacting the functioning of the CCDC. *Id*.

On August 19, 2021, Judge Bryant issued his Report and Recommendation regarding Plaintiff's motion for a TRO. ECF No. 145. Judge Bryant argues that Plaintiff has not upheld his burden of showing that the TRO is appropriate. *Id*. at p. 1. After detailing the requirements for a movant to show a TRO is necessary, Judge Bryant determined that Plaintiff has failed to show that the actions of the CCDC and its personnel have harmed Plaintiff's ability to litigate this matter in any

meaningful way. *Id*. at p. 2-3. Judge Bryant supports his finding by pointing to the numerous motions and other filings submitted by Plaintiff since the motion for the TRO as evidence that there has been no harm to Plaintiff's right of access to the courts or to litigate this matter. *Id*. at p. 3. Therefore, Judge Bryant concludes that Plaintiff has failed to show any harm and recommends that Plaintiff's motion for the TRO be denied. *Id*.

On September 7, 2021, Plaintiff filed his objections to Judge Bryant's Report and Recommendation.[1] ECF No. 149. Plaintiff argues that the various limitations imposed on him for making copies of legal documents has hindered his right to litigate by an impermissible extent. *Id*. at p. 2. Particularly, Plaintiff alleges that these limitations were in place while he was arguing motions for summary judgment in this matter and it significantly impacted his ability to comply with the requirements of various filings. *Id*. Plaintiff contends that continued limitations on his ability to make copies of filings and other legal documents is likely to adversely impact his ability to successfully litigate his claim. *Id*. at p. 3. Thus, Plaintiff concludes that the TRO is necessary to preserve his right to litigate this matter. *Id*.

An inmate's right of access to the courts guarantees an inmate the ability to challenge the conditions of his confinement. *See Cody v. Weber*, 256 F.3d 764, 767-68 (8th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)). A court considers the following factors when deciding a motion for a preliminary injunction or TRO: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and, (4) whether the issuance of an injunction is in the public interest." *Conway v. Alford*, No. 6:14-CV-06081-MEF, 2015 WL 13333178, at *1 (W.D. Ark. Aug. 18, 2015) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

---

[1] Plaintiff's hand-written objections were dated and mailed on September 1, 2021, but were not filed until September 7, 2021. ECF No. 149, p. 4-5. This makes Plaintiff's objections to the Report and Recommendation timely under Federal Rule of Civil Procedure 72(a)'s requirement that a party object to a magistrate judge's decision in a non-dispositive matter within two weeks.

The two most important factors are whether the movant will succeed on the merits and whether the movant will suffer irreparable harm without the TRO. *See Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). A request for injunctive relief in the prison context "must always be viewed with great caution." *Id*.

The Court finds that Judge Bryant's conclusion is sound. Plaintiff has failed to show that irreparable harm is imminent without the Court issuing the requested TRO. As Judge Bryant noted, Plaintiff has been able to file numerous motions and responses to motions since he filed his motion requesting the TRO. As of the date of this order, the Court counts ten filings by Plaintiff since filing his motion for the TRO. That does not include the two filings Plaintiff submitted the same date as his motion for the TRO. Examining the docket, it is clear that Plaintiff is able to be active and responsive in litigating his claims. Thus, the Court cannot find that the restrictions placed on his ability to make copies of documents at the CCDC seem to be harming his right to litigate this matter and challenge the conditions of his confinement. With the threat of irreparable harm being a critical factor in evaluating a request for a TRO, *Chicago Stadium Corp.*, 530 F.2d at 206, Plaintiff's failure to show any harm is fatal to his motion. Accordingly, the Court finds that Plaintiff's motion for the TRO should be denied.

Based upon its *de novo* review, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 145) *in toto*. Plaintiff's Motion for Temporary Restraining Order (ECF No. 104) is hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge