IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN ROBERT JENNINGS WALKER                                                  PLAINTIFF

v.                                            Civil No. 6:20-cv-06114

SHERIFF JASON WATSON, ET AL                                                      DEFENDANTS


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Jonathan Robert Jennings Walker, proceeds in this matter *pro se* and *in forma pauperis*.  (ECF Nos. 1, 2, 3).  Currently before the Court's lack of service of process over Defendant Joyce Lamilla.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### BACKGROUND

Plaintiff filed his *pro se* Complaint on October 1, 2020.  (ECF No. 1).  That same day, the Court granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 3).

On September 13, 2021, the Court ordered the Marshal Service to serve the Defendant Joyce Lamilla with the Second Amended Complaint.  (ECF No. 152).  Although the Order directing service provides that Defendant Lamilla was to be served **personally and in person** at Ben E. Keith Food in North Little Rock, Arkansas, service was attempted on Defendant Lamilla via certified mail, return receipt requested.  The return of service does not appear effective as it states "Covid-19" on the green card.  (ECF No. 180).  No answer has been filed by Defendant Lamilla.  The Court further notes that an Affidavit of Defendant Lamilla has been filed in support

1

of the Second Motion for Summary Judgment on Behalf of Separate Defendants, Brenda Piggee, Halbert Torraca, James Gainous, and Tiger Correctional Services, Inc. (ECF Nos. 164; 166-1). The Court notes that the Affidavit was notarized in the State of Texas, and not in North Little Rock, Arkansas. (ECF No. 166-1). The Court has no other service address for Defendant Lamilla.

## APPLICABLE LAW

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed, or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the Court has the discretion to either dismiss the action or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

Pursuant to 28 U.S.C. § 1915(e)(2)(B) regarding proceedings *in forma pauperis*, the Court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous or malicious, fail to state a claim upon which relief may be granted; or, seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if " it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege " enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). " In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold ' a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.' " *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**DISCUSSION**

Defendant Lamilla has not been located for service despite an attempt made by the U. S. Marshal Service.  Plaintiff has not provided an effective address for service and the Court has no further address for Defendant Lamilla.

Further, and importantly, the Court notes that although Plaintiff's Second Amended Complaint names Defendant Lamilla as a Defendant, Plaintiff does *not* include any specific allegations against her.  (ECF No. 140).  Without some personal involvement, Defendant Lamilla cannot be held liable under § 1983.  *See, e.g., Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(finding § 1983 liability requires some personal involvement or responsibility).  Plaintiff has failed to state a plausible claim against Defendant Lamilla, and dismissal is appropriate. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**CONCLUSION**

For the foregoing reasons, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 140) be **DISMISSED WITHOUT PREJUDICE** against Defendant Joyce Lamilla.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of February 2022.**

                                        /s/ *Barry A. Bryant*
                                        HON. BARRY A. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE