IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN ROBERT JENNINGS WALKER                                              PLAINTIFF

v.                                    Case No. 6:20-cv-6114

SHERIFF JASON WATSON, *et al*.                                              DEFENDANTS

### ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 184. Plaintiff has objected. ECF No. 190. The Court finds the matter ripe for consideration.

### BACKGROUND

On October 1, 2020, Plaintiff, proceeding *in forma pauperis* ("IFP"), filed his initial *pro se* complaint bringing claims against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. On August 16, 2021, Plaintiff filed his second amended complaint, which added Joyce Lamilla ("Lamilla") as a Defendant. ECF No. 140. On September 13, 2021, the Court issued an Order directing that the United States Marshals Service serve Defendant Lamilla with the second amended complaint "personally and in person" at an address in North Little Rock, Arkansas. ECF No. 158. The Court's docket has an entry dated January 31, 2022, which states that the summons for Defendant Lamilla was returned executed and that Defendant Lamilla was served on September 23, 2021. ECF No. 180.

On February 14, 2022, Judge Bryant issued the instant Report and Recommendation. ECF No. 184. Judge Bryant recommends that Plaintiff's claim against Defendant Lamilla be dismissed without prejudice for failing to serve her within the required deadline and for failing to state a claim upon which relief can be granted. *Id*. Plaintiff filed timely objections, arguing that he was

unaware that service had not been executed and that he has sufficiently stated a claim against Defendant Lamilla. ECF No. 190.

## DISCUSSION

Judge Bryant first concludes that the claims against Defendant Lamilla must be dismissed because she was not served with the second amended complaint, and the time period to do so has elapsed. ECF No. 184, p. 1-3. Judge Bryant notes that the attempted service of Defendant Lamilla via certified mail at the Arkansas address provided by Plaintiff does not appear to be effective because it states "Covid-19" on the receiver line. *Id*. at p. 1. Judge Bryant further notes that a defendant must be served within ninety days after the complaint has been filed and that failure to do so must result in dismissal. *Id*. at p. 2. Judge Bryant also states that it was Plaintiff's duty to provide a correct address for service of Defendant Lamilla and that an affidavit filed with the Court shows that Defendant Lamilla's proper address for service is in Texas. *Id*. at p. 1-2. Therefore, Judge Bryant recommends that Plaintiff's failure to serve Defendant Lamilla should result in the claims against Defendant Lamilla being dismissed without prejudice. *Id*. at p. 3-4.

Judge Bryant also concludes that Plaintiff has failed to state a claim against Defendant Lamilla in his second amended complaint. *Id*. at p. 2-3. Judge Bryant notes that Plaintiff's second amended complaint lists Joyce Lamilla as a defendant without including any specific factual allegations against her. *Id*. at p. 3. Judge Bryant further notes that a defendant cannot be held liable for claims pursuant to 42 U.S.C. § 1983 without personal involvement in the actions giving rise to the claim. *Id*. Therefore, Judge Bryant finds that Plaintiff has failed to state a claim against Defendant Lamilla and recommends that the claims against her be dismissed without prejudice. *Id*. at p. 3-4.

Plaintiff's objection argues that he was never informed of any failure to serve Defendant Lamilla prior to the instant Report and Recommendation. ECF No. 190, p. 1-2. Plaintiff asserts that he understood service to be effective due to the filing on January 31, 2022, which states service of Defendant Lamilla was completed. *Id*. at p. 3. Plaintiff also notes that service by the Marshals Service did not take place in person, as ordered by this Court. *Id*. at p. 2-3. Noting that an affidavit filed by Defendant Lamilla has given a new address upon which she can be served, Plaintiff contends that he should be given more time to serve her at the address that is now known to him. *Id*. at p. 4.

Plaintiff further argues that his claims against Defendant Lamilla should not be dismissed for failure to state a claim. Plaintiff contends that it is too late for dismissal pursuant to 28 U.S.C. § 1915, which is meant to screen IFP complaints and claims before service is ordered. *Id*. at p. 5. Defendant also contends that his second amended complaint alleges facts against Defendant Lamilla in conjunction with his allegations against other Defendants. *Id*. at p. 6. Finally, Plaintiff contends that Defendant Lamilla is a necessary party to his claims and should be joined under Federal Rule of Civil Procedure 19 or 20. *Id*. Plaintiff states that the non-kosher food he has been forced to eat, the general allegation underlying his claims, was approved by Defendant Lamilla as a registered dietician supervising other Defendants. *Id*.

The Court finds that it cannot adopt Judge Bryant's recommendation regarding any failure by Plaintiff to serve Defendant Lamilla. Failure to serve a defendant after ninety days can lead to a dismissal of the claims against that defendant only after a motion by a party or after a court has given prior notice to a plaintiff. Fed. R. Civ. P. 4(m). Thus, without a motion by another party or prior notice to Plaintiff, the Court cannot dismiss the action against Defendant Lamilla pursuant to Rule 4(m) for failure to serve. The Court does not find anywhere in the record where Plaintiff was

notified about any defects in service prior to the instant Report and Recommendation. If anything, the record appears to show that Defendant Lamilla was effectively served on September 23, 2021, via certified mail. ECF No. 180. Though the received-by line states "Covid-19," there is a signature line filled out with "J. Lamilla" on the proof of delivery page. *Id*. at p. 3.

However, the Court finds that Judge Bryant's recommendation regarding Plaintiff's failure to state a claim against Defendant Lamilla is correct. A court can dismiss any part of a complaint from a plaintiff proceeding IFP if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A claim for relief does not require detailed factual allegations, but it needs sufficient factual content to allow a court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citations omitted). "Liability under § 1983 requires a causal link to, and responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted). While 28 U.S.C. § 1915 is meant to allow a court to screen prisoner complaints prior to docketing and considering IFP applications in order to conserve judicial resources, the statute gives a court flexibility to screen the complaint for failure to state a claim at any point. *See Brown v. Sage*, 942 F.3d 655, 660 (3rd Cir. 2019) (citations omitted); 28 U.S.C. § 1915(e)(2)(B)(ii) (a court shall dismiss an action that fails to state a claim "at any time").

In Plaintiff's second amended complaint, no claim against Defendant Lamilla includes any factual allegations that connect his lack of access to kosher food during detainment to any action taken by Defendant Lamilla. ECF No. 140, p. 4-7, 9-10. The only direct factual connection Plaintiff alleges against Defendant Lamilla, that she was the dietician responsible for directing what meals he received, is only in his objections to the instant Report and Recommendation. ECF No. 190, p. 6. This does not satisfy the requirement that a complaint contain enough factual

information to causally connect Defendant Lamilla to the alleged wrongdoing or deprivation of rights that Plaintiff alleges. *Iqbal,* 556 U.S. at 663; *Madewell*, 909 F.2d at 1208. Also, the Court is not limited to screening Plaintiff's second amended complaint for deficient claims only before IFP applications or initiating service of the complaint. *See Sage*, 942 F.3d at 660; 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's arguments regarding joinder of Defendant Lamilla are inapplicable because Federal Rule of Civil Procedure 19 and 20 apply to situations where a party is not already named in an action. Accordingly, the Court finds that Plaintiff has failed to state a claim on which relief can be granted against Defendant Lamilla and all claims against her should be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Bryant's Report and Recommendation (ECF No. 184) *in part*. The Court does not adopt Judge Bryant's recommendation regarding Plaintiff's failure to serve Defendant Lamilla. Nonetheless, Plaintiff's claims against Defendant Lamilla are hereby **DISMISSED WITHOUT PREJUDICE** for failing to state a claim on which relief can be granted.

**IT IS SO ORDERED**, this 26th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge